## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

———————————————————

| | |
|---|---|
| WILMAR TRADING PTE LTD., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| and ) | |
| ) | |
| P.T. MUSIM MAS and GOVERNMENT OF THE ) | |
| REPUBLIC OF INDONESIA, ) | |
| ) | |
| *Consolidated Plaintiffs*, ) | |
| v. ) | Consol. Ct. No. 18-00121 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| *Defendant*, ) | |
| ) | |
| and ) | |
| ) | |
| NATIONAL BIODIESEL BOARD FAIR TRADE ) | |
| COALITION, ) | |
| ) | |
| *Defendant-Intervenor*. ) | |

———————————————————   )

## **ORDER**

     Upon consideration of defendant-intervenor's comments regarding the remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

     ORDERED that the remand redetermination is sustained and judgment is entered in favor of the United States.

Dated: _____, 2024      _____

     New York, NY                RICHARD K. EATON, SENIOR JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

_____

|  |  |  |
|---|---|---|
| WILMAR TRADING PTE LTD., *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| P.T. MUSIM MAS and GOVERNMENT OF THE | ) | |
| REPUBLIC OF INDONESIA, | ) | |
| | ) | |
| *Consolidated Plaintiffs*, | ) | |
| v. | ) | Consol. Ct. No. 18-00121 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| *Defendant*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONAL BIODIESEL BOARD FAIR TRADE | ) | |
| COALITION, | ) | |
| | ) | |
| *Defendant-Intervenor*. | ) | |

_____   )

**DEFENDANT'S RESPONSE TO COMMENTS ON REMAND RESULTS**

Pursuant to this Court's Order of November 21, 2023, ECF 113, defendant, the United

States, respectfully submits this response to comments on the second remand redetermination

filed on March 12, 2024, ECF 125.  In its remand order, the Court sustained Commerce's

determination to make a renewable identification number (RIN) adjustment to export price, the

application of facts available with an adverse inference and the resulting margin with respect to

P.T. Musim Mas, and Commerce's determinations that sales-based and cost-based particular

market situations (PMS) exist with respect to Wilmar Trading Pte Ltd.'s (Wilmar's) sales of

1

biodiesel. *Wilmar Trading Pte Ltd. v. United States*, 675 F. Supp. 3d 1215 (Ct. Int'l Trade 2023). However, the Court held that "Commerce's decision to disregard Indonesian crude palm oil prices—based on the 2015 Export Levy particular market situation—is unsupported by substantial evidence because {Commerce} failed to sufficiently explain how any distortion created by the 2015 Export Levy in this case has not been remedied by the companion countervailing duty case." *Id.* at 1238. It ordered that "on remand, Commerce must either reconsider its decision to disregard Indonesian crude palm oil prices when constructing normal value for Wilmar or explain why doing so does not result in a double remedy." *Id.*

Commerce complied with the Court's remand order by, under respectful protest, conducting a pass-through analysis to further explain why disregarding Indonesian crude palm oil prices when calculating constructed value does not impose a double remedy. *See* ECF 125. This analysis is consistent with the analysis Commerce conducted in litigation involving the biodiesel from Argentina antidumping duty order, which was sustained by this Court and affirmed by the Court of Appeals for the Federal Circuit. *See Vicentin S.A.I.C. v. United States*, 503 F. Supp. 3d 1255, 1261-68 (Ct. Int'l Trade 2021); *Vicentin S.A.I.C. v. United States*, 42 F.4th 1372, 1380-82 (Fed. Cir. 2022).

No party objected to the second remand redetermination by the Court's extended deadline. *See* 675 F. Supp. 3d at 1263; *see also* Order (ECF 123). In a letter dated March 29, 2024, ECF 127, plaintiffs, Wilmar Trading PTE Ltd., *et al.* notified the Court that they would not submit comments in opposition to the remand results. Consolidated plaintiffs, P.T. Musim Mas and the Government of the Republic of Indonesia, did not file comments with the Court on the remand results by the due date of April 11, 2024. Defendant-intervenor, the National Biodiesel

Board Fair Trade Coalition, filed comments with the Court stating that Commerce is not required to conduct a pass-through analysis, but nonetheless supporting the analysis Commerce conducted in the second remand redetermination, ECF 128.

      Because the second remand redetermination complies with the Court's remand order, and as no party filed comments opposing the remand redetermination, the United States respectfully requests that the Court sustain Commerce's second remand redetermination.

<div style="margin-left:40%">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

/s/ Ravi D. Soopramanien
RAVI D. SOOPRAMANIEN
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Ben Franklin Station
P.O. Box 480
Washington, DC 20044
Telephone:  (202) 616-0856
Facsimile:  (202) 307-0972
Email:  Ravi.Soopramanien@usdoj.gov

</div>

OF COUNSEL:
ELIO GONZALEZ
Senior Counsel
Office of the Chief Counsel
for Trade Enforcement & Compliance
U.S. Department of Commerce
1401 Constitution Avenue, NW
Washington, DC 20230

April 16, 2024              *Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that Defendant's Response to Comments on Remand Results complies with the word count limitation under the Court's standard chambers procedures, and contains 516 words including text, footnotes, and headings.

<u>/s/ Ravi D. Soopramanien</u>

April 16, 2024